STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 222875
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3172
    Facsimile: (213) 894-7177
    E-mail: Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br>    v. <br><br>$169,740.00 IN U.S. CURRENCY AND $194,840.00 IN U.S. CURRENCY, <br><br>    Defendants. | No. CV 15-2683 <br><br> <u>VERIFIED COMPLAINT FOR FORFEITURE</u> <br><br> 21 U.S.C. § 881(a)(6) <br><br> [D.E.A.] |

    The United States of America brings this claim against the defendants $169,740.00 in U.S. currency and $194,840.00 in U.S. currency, and alleges as follows:

## JURISDICTION AND VENUE

    1.    This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

    2.    This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(a).

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendants in this action are:

(a) $169,740.00 in U.S. currency seized on September 20, 2014 during the execution of a search warrant at a residence located in Los Angeles, California (the "Los Angeles residence")[1]; and

(b) $194,840.00 in U.S. currency seized on September 20, 2014 during the execution of a search warrant of a white 2014 Chevrolet Camaro ("Camaro") registered to Collette Park and Natasha Hong and parked at the Los Angeles residence on September 20, 2014.

The defendants identified in paragraphs 5(a) and 5(b) are collectively referred to as the "defendant currency."

6. The defendant currency is currently in the custody of the United States Marshals Service in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Daniel Soto ("Soto"), Colette Park ("Park"), Hong Natasha Sun aka Natasha Hong, Gurdeep Singh, and Julio Soto Perez may be adversely affected by these proceedings.

## EVIDENCE SUPPORTING FORFEITURE

*Background of the Investigation*

8. Since approximately April 2014, Drug Enforcement Administration ("DEA") agents have been investigating a Middle Eastern drug trafficking organization ("DTO") operating from India, Canada, Mexico and Southern California. The Middle Eastern DTO receives shipments of narcotics from a Mexican DTO. The shipments of

---

[1] Pursuant to Local Rule 5.2-1, personal residence addresses are omitted from this Complaint.

2

narcotics are transported north from Mexico through the United States and into Canada. Agents identified Gurdeep Singh ("Singh") as a narcotics proceeds courier for the Middle Eastern DTO. Singh and other narcotics proceeds couriers receive narcotics proceeds from a Canadian DTO and then provide the proceeds to couriers working on behalf of a Mexican DTO. Agents learned that Singh receives instructions from the Middle Eastern DTO leaders to collect and deliver narcotics proceeds to the Mexican DTO couriers.

9. During the investigation, agents learned that Singh and others would meet at the Sikh Gurdwara Temple parking lot located at 7640 Lankershim Boulevard, North Hollywood, California (the "Temple parking lot") to drop off and pick up narcotics proceeds.

10. Pursuant to state wiretap orders, agents intercepted several telephone calls between Singh and others regarding narcotics and narcotics proceeds transactions. Some of those telephone calls are discussed below. On September 19, 2014, at approximately 4:12 p.m., Singh received a call from Raja, who has been identified as a member of the Middle Eastern DTO. During the conversation, Raja instructed Singh to drop "1.75" to an individual whom Raja identified as Mario. Based on the conversation, agents believed that Middle Eastern DTO member Raja instructed Singh to provide $175,000.00 in narcotics proceeds to a Mexico DTO courier on September 20, 2014.

11. On September 20, 2014, at approximately 7:30 a.m., agents established surveillance at Singh's Los Angeles, California residence ("Singh's residence"). During the surveillance, agents observed Singh depart from the residence in a white Toyota Sienna van, bearing California license plate number 6BPF377 (the "Toyota Sienna"). Agents followed the Toyota Sienna and observed Singh conducting money pick-ups in Bakersfield, California before returning to Singh's residence.

12. Agents observed the following events on September 20, 2014. At approximately 4:30 p.m., Singh called Raja and stated that he (Singh) was going to drop off the narcotics proceeds. At approximately 5:30 p.m., Singh and two unidentified

females departed from Singh's residence in the Toyota Sienna. Singh drove the Toyota Sienna to the Temple parking lot and parked. Singh and the two females exited the Toyota Sienna and entered the Temple. Thereafter, Singh from time to time exited the Temple and walked around the Temple's parking lot.

13. At approximately 6:00 p.m., Soto and Park arrived in a Camaro at the Temple parking lot. Singh then drove the Toyota Sienna towards the rear of the Temple parking lot while the Camaro was driven to the same location. Singh provided a black plastic bag to Soto and then drove the Toyota Sienna away from Sikh Gurdwara Temple while Soto drove the Camaro out of the Temple parking lot. At approximately 6:10 p.m., Singh called Raja and told Raja that the exchange has been completed.

14. Agents followed the Camaro to a nearby gas station where Soto and Park changed seats. When agents approached the Camaro, agents observed on the Camaro's floorboard in plain view a black plastic bag containing a large amount of U.S. currency.

*Interview of Soto and Park*

15. Soto told agents that he (Soto) had more U.S. currency inside the Los Angeles residence and the funds in the Camaro and the Los Angeles residence did not belong to him (Soto) or Park but instead to other parties whom Soto would not identify. According to Soto, Soto was instructed by an unidentified individual to pick up the narcotics proceeds. Park also told officers that the U.S. currency did not belong to her (Park).

*Execution of Search Warrant for the Los Angeles Residence and the Camaro*

16. When agents executed a search warrant for the Camaro and the Los Angeles residence, they found $194,840.00 in stacked and rubber-banded U.S. currency (i.e., a portion of the defendant currency) inside a black plastic bag which was situated (as mentioned above) on the Camaro's floorboard. When agents executed the search warrant at the Los Angeles residence, agents found $169,740.00 in U.S. currency (i.e., remaining portion of the defendant currency) inside a hallway closet. Julio Soto Perez, who lived in the residence in front of the Los Angeles residence, was also present during

1 the search. It is believed that Julio Soto Perez rented the rear Los Angeles residence to
2 his son Soto.
3       17.    Soto, Park and Julio Soto Perez each signed disclaimer forms representing
4 that none of them claimed ownership of the defendant currency.
5 *Soto's Criminal History*
6       18.    Soto's criminal history includes a 2002 arrest for violations of California
7 Penal Code Section 209(A) (kidnapping for ransom) and Penal Code Section
8 12031(A)(1) (carrying a loaded firearm). Soto was convicted on the firearms charge and
9 sentenced 87 days in jail and three years of probation.
10       19.    Based on the above, plaintiff alleges that the defendant currency represents
11 or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in
12 one or more exchanges for a controlled substance or listed chemical, in violation of 21
13 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to
14 21 U.S.C. § 881(a)(6).
15       WHEREFORE, plaintiff United States of America prays that:
16       (a)    due process issue to enforce the forfeiture of the defendant currency;
17       (b)    due notice be given to all interested parties to appear and show cause why
18 forfeiture should not be decreed;
19       (c)    this Court decree forfeiture of the defendant currency to the United States of
20 America for disposition according to law; and
21 ///

1      (d)   for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: April 10, 2015                  Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

*/s/ Katharine Schonbachler*
KATHARINE SCHONBACHLER
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

## VERIFICATION

I, Adriana Tscharanyan, hereby declare that:

1. I am a Task Force Officer with the Drug Enforcement Administration and the case agent for the forfeiture matter entitled <u>United States of America v. $169,740.00 in U.S. Currency and $194,840.00 in U.S. Currency</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed April 9, 2015 in Los Angeles, California.

*[signature]*
Adriana Tscharanyan